IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Sandtonyo Lamont Barber, #291757, | ) | |
| | ) | Civil Action No. 2:13-cv-02756-JMC |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Cynthia Reynolds, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

      This matter is before the court for review of the magistrate judge's Report and Recommendation ( or "Report") (ECF No. 29), filed on April 20, 2014, recommending that the above captioned case be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and failure to obey this court's order. (ECF No. 29 at 3.) Petitioner Sandtonyo Lamont Barber, proceeding *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. (ECF No. 29 at 2.) The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the magistrate judge's recommendation herein without a recitation.

      The magistrate judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. "The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination." *Wallace v. Hous. Auth.*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citing *Matthews v. Weber*, 423 U.S. 261, 271 (1976)). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

1

Petitioner was advised of his rights to file objections to the Report (ECF No. 59 at 6). However, Petitioner filed no objections to the Report.

In the absence of objections to the magistrate judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis,* 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

Therefore, after a thorough and careful review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and the record in this case. The court **ADOPTS** the magistrate judge's Report and Recommendation. (ECF No. 29.) For the reasons articulated by the magistrate judge, it is therefore **ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE** for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) and failure to obey this court's order.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Court Judge

July 8, 2014
Columbia, South Carolina